UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TEREX SOUTH DAKOTA, INC.;** **TEREX USA, LLC** | Case No. _____ |
| Plaintiffs, | |
| v. | JURY DEMAND |
| **SINOBOOM NORTH AMERICA LLC,** | |
| Defendant. | |

**COMPLAINT FOR: (I) FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING; (II) FEDERAL FALSE DESIGNATION OF ORIGIN; (III) TRADEMARK INFRINGEMENT UNDER TEXAS COMMON LAW; AND (IV) UNFAIR COMPETITION UNDER TEXAS COMMON LAW; AND JURY DEMAND**

Plaintiffs Terex South Dakota, Inc. and Terex USA, LLC file this Complaint against Defendant Sinoboom North America LLC ("Sinoboom" or "Defendant") and in support thereof alleges as follows:

## NATURE AND BASIS OF ACTION

1. This is an action for trademark infringement and counterfeiting in violation of Sections 32(1) and 43(a) of the federal Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a). Plaintiff seeks, among other things, temporary, preliminary, and permanent injunctive relief, actual damages, statutory damages for trademark counterfeiting, an accounting of Defendant's profits, and recovery of Plaintiff's reasonable costs and attorneys' fees.

## THE PARTIES

2. Plaintiff Terex South Dakota, Inc. is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 18340 N.E. 76th Street, Redmond, Washington 98052. Plaintiff Terex USA, LLC is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 45 Glover Avenue, Norwalk, Connecticut 06850. Terex South Dakota, Inc. and Terex USA, LLC are hereinafter collectively referred to as "Terex" or "Plaintiff."

3. Plaintiff is a leading manufacturer of elevating work platforms and lift equipment, including scissor lifts, boom lifts, and vertical lifts. Plaintiff's products are easily identified in the marketplace by Plaintiff's uniquely distinctive blue color—a color used in the industry exclusively by Genie (hereinafter "GENIE BLUE").

4. On information and belief, Sinoboom is a Texas limited liability company, having its principal office at 310 Mason Creek Dr., Suite 100, Katy, TX 77450.

1

5. Upon information and belief, Sinoboom imports mobile elevating work platforms from China for sale throughout the United States, including over the internet and in the State of Texas and this District.

6. In connection with its elevating work platforms sales and promotional activities in the State of Texas and elsewhere, Defendant is using the GENIE BLUE Trademark without Plaintiff's authorization or consent.

## JURISDICTION

7. Plaintiff asserts the following federal claims: Count I, Federal Trademark Infringement and Counterfeiting (15 U.S.C. § 1114(1)); and Count II, Federal False Designation of Origin (15 U.S.C. § 1125(a)).

8. Plaintiff asserts the following state law claims: Count III, Trademark Infringement under Texas Common Law and Count IV, common law Unfair Competition.

9. This Court has federal question jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337, and 1338.

10. This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as the state law claims are so related to Plaintiff's federal law claims such that they form part of the same controversy under Article III of the United States Constitution.

11. On information and belief, the Court has personal jurisdiction over the Defendant because it is headquartered in this judicial District.

12. On information and belief, venue is proper under 28 U.S.C. §1391.

## FACTUAL BACKGROUND

13. Plaintiff is a leading global designer and manufacturer of lift equipment since 1966.

14. Plaintiff's product portfolio includes a variety of elevating work platforms and lift equipment including telescopic and articulated booms, scissor lifts, and vertical mast lifts.

15. Plaintiff's products have long been recognized for their high quality, dependability, and safety among purchasers and end users; accordingly, demand for Plaintiff's products is high.

16. In addition to the use of the GENIE trademark, Plaintiff's products bear a distinctive shade of blue—GENIE BLUE. Representative images of Genie lifts bearing the GENIE BLUE color are set forth below:



17. The GENIE BLUE color is a well-known, well-recognized, and dominant source identifier that has obtained substantial goodwill with consumers and the public.

18. Plaintiff specifically advertises GENIE BLUE. As an example, the following advertising displays the GENIE BLUE as the "Color of Confidence" and encourages its customers to "Think Blue":

3



19.     As a result of, among other things, decades of substantial advertising, promotion, and sale of products bearing the GENIE BLUE Trademark, purchasers and end users understand Plaintiff's Trademarks to be a source identifier of Plaintiff and associate Plaintiff's Trademark with Plaintiff.

20.     Plaintiff has acquired strong, valid, and enforceable common law trademark rights in GENIE BLUE Trademarks for lift equipment. Plaintiff acquired such rights well before the Defendant's infringing, unlawful, and actionable acts complained of herein.

21.     Plaintiff's Trademarks symbolize business goodwill of Plaintiff and are intangible assets of substantial commercial value.

22.     Plaintiff's Trademarks are arbitrary, non-functional, and distinctive.

4

23. As a result of continuous and extensive use, sales, advertising, and promotion by Plaintiff and its affiliates, authorized dealers, licensees, and distributors throughout the world, Plaintiff's Trademarks and products are associated with Plaintiff and enjoy worldwide recognition, a world-famous reputation, and are recognized by the relevant public as emanating from Plaintiff.

24. Plaintiff's Trademarks represent property of great value to Plaintiff.

25. Plaintiff is the sole owner of all right, title, and interest in and to the GENIE BLUE Trademarks, which are assets of substantial value to Plaintiff.

**The GENIE BLUE Trademark**

26. At least as early as 1985, Plaintiff has continuously used a distinctive blue color, GENIE BLUE, in commerce throughout the United States to identify its lift equipment and distinguish them from other companies. Plaintiff's use of GENIE BLUE has been exclusive to Plaintiff.

27. The GENIE BLUE color serves no function other than as branding and to identify products made by Plaintiff.

28. GENIE BLUE branded goods are easily identified by their unique blue color. This blue color is used in the industry exclusively by Plaintiff.

29. The GENIE BLUE Trademark symbolizes business goodwill of Genie and is an intangible asset of substantial commercial value.

30. In addition to long and continuous use of GENIE BLUE, Plaintiff holds several federal trademark registrations, including U.S. Registration No. 3540392 for the Genie Blue color for "*mobile elevating work platforms*," and U.S. Registration Nos. 5965074, 5970650, and 5970651 for the Genie Blue color for "*aerial and elevating work platforms, scissor lifts*" where the base and platform basket of an elevating work platform are shown in GENIE BLUE.

31. U.S. Registration No. 3540392 has been dully registered on the Principle Register of the United States Patent and Trademark Office since December 2, 2008. This registration is incontestable and valid pursuant to 15 U.S.C. § 1065, which provides conclusive evidence of the validity of the mark and of Genie's exclusive right to use the mark. A copy of the Certificate of Registration for this Trademark is attached hereto as Exhibit A.

32. Registration No. 5965074 has been dully registered on the Principle Register of the United States Patent and Trademark Office since January 21, 2020. Registration No. 5965074 has been dully registered on the Principle Register of the United States Patent and Trademark Office since January 21, 2020. A copy of the Certificate of Registration for this Trademark is attached hereto as Exhibit B.

33. Registration No. 5970650 has been dully registered on the Principle Register of the United States Patent and Trademark Office since January 28, 2020. Registration No. 5970650 has been dully registered on the Principle Register of the United States Patent and Trademark Office since January 28, 2020. A copy of the Certificate of Registration for this Trademark is attached hereto as Exhibit C.

34. Registration No. 5970651 has been dully registered on the Principle Register of the United States Patent and Trademark Office since January 28, 2020. Registration No. 5970651 has been dully registered on the Principle Register of the United States Patent and Trademark Office since January 28, 2020. A copy of the Certificate of Registration for this Trademark is attached hereto as Exhibit D.

35. The GENIE BLUE Registrations are valid and subsisting in law, were duly and legally issued, are *prima facie* evidence of the validity of the GENIE BLUE Trademark, and constitute constructive notice of Plaintiff's ownership of the GENIE BLUE Trademark in

accordance with Sections 7(b) and 22 of the Trademark Act of 1946, 15 U.S.C. §§ 1057(b) and 1072.

36. Plaintiff is the sole owner of all right, title and interest in and to the GENIE BLUE Trademarks, which are each assets of substantial value to Plaintiff.

**Defendants and Their Wrongful Conduct**

37. On information and belief, Sinoboom is a Chinese manufacturer of mobile elevating work platforms and aerial lifts. Since its entry into the United States market, Sinoboom has sold its product using a red color scheme. An example of Sinoboom's product using its red color scheme is shown below:



38. On January 19, 2021, Sinoboom North America issued a document announcing it was implementing a new "blue color scheme" on its elevating work platforms in the United States. It was touted that this new color scheme was "to start to make a splash in the North American market." Sinoboom's press release was presented at: https://sinoboom.us/sinoboom-north-america-unveils-new-product-colors-and-expands-sales-support-team/ and is attached hereto as Exhibit E.

39. As such, subsequent to Plaintiff's use of the GENIE BLUE Trademarks, Sinoboom adopted, used, and is using marks that counterfeit and infringe Plaintiff's Trademarks in

connection with the advertising, offering for sale, and sale of lifts in United States' commerce, in the State of Texas, and this District.

40. On information and belief, Sinoboom adopted, used, and is using its counterfeit and infringing marks with knowledge of Plaintiff's prior use and ownership of the GENIE BLUE Trademarks and with the intent to cause confusion and mistake as to the source, sponsorship, approval, association, and affiliation of Sinoboom's products.

41. The change from red to blue is presented below based on an image at www.sinoboom.us, showing the intentional change to trade off of Genie, the GENIE Blue Trademarks, and the good will of Terex.



42. On information and belief, Sinoboom's adoption of the GENIE BLUE trademark is designed to unfairly compete with Genie and pass off its products as associated with and/or originating from Genie.

43. On information and belief, Sinoboom's products are of unknown quality than Plaintiff's products and are offered at significantly less prices.

44. Plaintiff has not given its consent, license, approval, or other authorization for Sinoboom to use the GENIE BLUE Trademarks in connection with its products.

45. Sinoboom's use of the GENIE BLUE Trademarks is a trademark use, i.e., to indicate the source of the goods to consumers, potential consumers, and others in the trade.

46. Sinoboom's use of the Plaintiff's Trademarks clearly shows the willful intent of Sinoboom to misrepresent the source of Sinoboom's goods so to cause confusion, mistake, and deception as to Sinoboom's connection or association with Plaintiff and Plaintiff's Trademarks when there is none.

47. On information and belief, at all times that Sinoboom has been counterfeiting and infringing Plaintiff's Trademarks, Sinoboom had constructive and actual notice of Plaintiff's Trademarks and were aware that its activities constituted trademark infringement, unlawful counterfeiting, and unfair competition.

48. On January 22, 2021, Plaintiff contacted Sinoboom. Specifically, Plaintiff directly notified Sinoboom of its infringement, and sought Sinoboom to cease and desist its infringing activities. Sinoboom did not respond as requested.

## COUNT I

### Federal Trademark Infringement and Counterfeiting
### (15 U.S.C. § 1114(1))

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1–48 of this Complaint as if fully set forth herein.

50. Through decades of substantial advertising, promotion, and sale of products under the GENIE BLUE Trademark in interstate commerce throughout the United States, Plaintiff's Trademarks have acquired distinctiveness and serve in the minds of the relevant public to identify goods that are manufactured by, offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Plaintiff and no other source. The Trademarks acquired such distinctiveness well prior to the Defendant's acts that are complained of herein.

51. Plaintiff thus owns valid and enforceable trademark rights in the GENIE BLUE Trademarks, and Genie has registered the marks with the USPTO.

52. Sinoboom's advertising, promotion, and sale of its lift in the United States bearing the unauthorized copies of GENIE BLUE Trademark is likely to cause confusion, mistake, and deception among consumers as to whether the lift products at issue originate from Plaintiff and/or whether Sinoboom and/or their products are associated or affiliated with, connected to, or sponsored, endorsed, or authorized by Plaintiff including, without limitation, through initial interest confusion and post-sale confusion.

53. Accordingly, the actions of Sinoboom infringe Plaintiff's federally registered Trademarks in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

54. The actions of Sinoboom also constitute counterfeiting under 15 U.S.C. § 1114. Sinoboom use of the color blue is a spurious mark which is identical with, or substantially indistinguishable from Plaintiff's federally registered Trademarks.

55. On information and belief, Sinoboom's adoption and use of a GENIE BLUE trademark was colorable imitations of Plaintiff's Trademarks, was willful, and intended to confuse consumers and the public and to trade off of Plaintiff's reputation and goodwill.

56. Sinoboom's conduct has caused significant irreparable injury and damage to Plaintiff and there is no adequate remedy at law sufficient to compensate Plaintiff for its injuries.

57. On information belief, absent court intervention, Sinoboom will continue to engage in unlawful conduct that causes substantial and irreparable harm to Plaintiff and there is no adequate remedy at law sufficient to compensate Plaintiff for its injuries.

58. Sinoboom's conduct will further enable them to unjustly earn profits to which they are not entitled under applicable law, principles of equity, traditional notions of fairness, or good conscience.

59. Plaintiff has been directly and proximately injured as a result of Sinoboom's infringement and counterfeiting of Plaintiff's Trademarks, including but not limited to injuries to Plaintiff's profits, actual and potential customer relationships, competitive edge, reputation, and goodwill.

60. As prayed for herein, Plaintiff is entitled to legal and equitable relief against Sinoboom, including but not limited to temporary, preliminary, and permanent injunctive relief, damages, enhanced damages, profits, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

61. Sinoboom's conduct constitutes actionable counterfeiting as, among other reasons, Sinoboom's use of Plaintiff's Trademarks violates 15 U.S.C. § 1114 and consists of intentional use and infringement of the GENIE BLUE Trademarks with full knowledge that the Trademarks belong to Plaintiff.

## COUNT II

### Federal False Designation of Origin
### (15 U.S.C. § 1125(a))

62. Plaintiff incorporates by reference the allegations contained in paragraphs 1–61 of this Complaint as if fully set forth herein.

63. Sinoboom has intentionally adopted and/or used Plaintiff's Trademarks without Plaintiff's authorization or consent in connection with the importation and sale of lift equipment in United States commerce so to trade off of Plaintiff's reputation and goodwill as embodied in its Trademarks.

64. Sinoboom's conduct, including the use of Plaintiff's Trademarks are likely to cause confusion, mistake, or deception as to whether Sinoboom's products originate from Plaintiff and as to whether Sinoboom or its products are associated or affiliated with, connected to, or sponsored, endorsed or approved by Plaintiff, including, without limitation, through initial interest confusion and post-sale confusion.

65. Sinoboom has engaged in the use of false designations of origin in violation of Section 43(a)(1)(A) of the federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

66. Sinoboom's conduct will further enable it to unjustly earn profits to which it is not entitled under applicable law, principles of equity, traditional notions of fairness, or good conscience.

67. Sinoboom's conduct has caused significant irreparable injury and damage to Plaintiff and there is no adequate remedy at law sufficient to compensate Plaintiff for its injuries.

68. On information and belief, absent court intervention, Sinoboom will continue to engage in unlawful conduct that causes substantial and irreparable harm to Plaintiff and there is no adequate remedy at law sufficient to compensate Plaintiff for its injuries.

69. Plaintiff has been directly and proximately injured as a result of Sinoboom's infringement and counterfeiting of Plaintiff's Trademarks, including but not limited to injuries to Plaintiff's profits, actual and potential customer relationships, competitive edge, reputation, and goodwill.

70. Plaintiff is therefore entitled to appropriate relief against Sinoboom as prayed for hereinafter, including temporary, preliminary, and permanent injunctive relief, damages, enhanced damages, profits, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III

### Trademark Infringement under Texas Common Law

71. Plaintiff incorporates by reference the allegations contained in paragraphs 1–70 of this Complaint as if fully set forth herein.

72. Through decades of substantial and exclusive advertising, promotion, and sale of products under the GENIE BLUE Trademarks in interstate commerce throughout the United States, Plaintiff's Trademarks have acquired distinctiveness and serve in the minds of the relevant public to identify goods that are manufactured by, offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Plaintiff and no other source. The Trademarks acquired such distinctiveness well prior to the Defendant's acts that are complained of herein.

73. Sinoboom's adoption and use of infringing, counterfeit, and colorable imitations of Plaintiff's Trademarks tends to cause confusion between Plaintiff and Defendant in the mind of consumers and the public.

74. Sinoboom's conduct has caused significant irreparable injury and damage to Plaintiff and there is no adequate remedy at law sufficient to compensate Plaintiff for its injuries.

75. On information and belief, absent court intervention, Sinoboom will continue to engage in unlawful conduct that causes substantial and irreparable harm to Plaintiff and there is no adequate remedy at law sufficient to compensate Plaintiff for its injuries.

76. Sinoboom's conduct will further enable them to unjustly earn profits to which they are not entitled under applicable law, principles of equity, traditional notions of fairness, or good conscience.

77. Plaintiff has been directly and proximately injured as a result of Sinoboom's infringement and counterfeiting of Plaintiff's Trademarks, including but not limited to injuries to Plaintiff's profits, actual and potential customer relationships, competitive edge, reputation, and goodwill.

78. As prayed for herein, Plaintiff is entitled to legal and equitable relief against Sinoboom, including but not limited to temporary, preliminary, and permanent injunctive relief, damages, enhanced damages, profits, costs, and reasonable attorneys' fees.

79. Sinoboom's conduct constitutes actionable counterfeiting as, among other reasons, Sinoboom's use of Plaintiff's Trademarks consists of intentional use and infringement of the GENIE BLUE Trademark with full knowledge that the Trademarks belong to Plaintiff.

## COUNT IV

### Unfair Competition under Texas Common Law

80. Plaintiff incorporates by reference the allegations contained in paragraphs 1–79 of this Complaint as if fully set forth herein.

81. Sinoboom has intentionally adopted and/or used Plaintiff's Trademarks without Plaintiff's authorization or consent in connection with the importation and sale of lift equipment

in United States commerce so to trade off of Plaintiff's reputation and goodwill as embodied in its Trademarks.

82. Sinoboom's conduct, including the use of Plaintiff's Trademarks, are likely to cause confusion, mistake, or deception as to whether Sinoboom's products originate from Plaintiff and as to whether Sinoboom or its products are associated or affiliated with, connected to, or sponsored, endorsed or approved by Plaintiff, including, without limitation, through initial interest confusion and post-sale confusion.

83. Using Plaintiff's trademarks in competition with Plaintiff, have negatively affected and directly and proximately injured both the Plaintiff and the public.

84. Sinoboom's conduct will further enable it to unjustly earn profits to which it is not entitled under applicable law, principles of equity, traditional notions of fairness, or good conscience.

85. Sinoboom's conduct has caused significant irreparable injury and damage to Plaintiff and there is no adequate remedy at law sufficient to compensate Plaintiff for its injuries.

86. On information and belief, absent court intervention, Sinoboom will continue to engage in unlawful conduct that causes substantial and irreparable harm to Plaintiff and there is no adequate remedy at law sufficient to compensate Plaintiff for its injuries.

87. Plaintiff has been directly and proximately injured as a result of Sinoboom's infringement and counterfeiting of Plaintiff's Trademarks, including but not limited to injuries to Plaintiff's profits, actual and potential customer relationships, competitive edge, reputation, and goodwill.

88. Defendant's activities complained of constitute common law unfair competition under Texas common law. Defendant's activities have caused and, unless enjoined by this Court,

15

will continue to cause, irreparable injury and other damages to Genie, its business, its reputation and goodwill because Genie has no adequate remedy at law.

## JURY DEMAND

Plaintiff demands trial by jury of all issues raised herein that are properly tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of Defendant's unlawful conduct as alleged in Counts I through IV above, Plaintiff respectfully prays that:

1. The Court enter judgment that Plaintiff owns valid and enforceable rights in the GENIE BLUE Trademarks, and that Defendant:

 (a) willfully infringed and counterfeited Plaintiff's GENIE BLUE Trademarks in violation of Section 32(1) of the Federal Lanham Act, 15 U.S.C. § 1114(1) and is liable for all damages caused to Plaintiff;

 (b) engaged in unfair competition with Genie in violation of Section 43(a) of the Federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and is liable for all damages caused to Plaintiff;

 (c) engaged in common law trademark infringement of Plaintiff's GENIE BLUE Trademarks under Texas common law and is liable for all damages caused to Plaintiff; and

 (d) engaged in common law unfair competition with Plaintiff and is liable for all damages caused to Plaintiff.

2. The Court preliminarily and permanently enjoin Defendant and all those persons in concert or participation with them from:

 (a) using or authorizing others to use in any form or manner any of the GENIE BLUE Trademarks, any reproduction, counterfeit, copy or colorable imitations of any of

the foregoing, and any mark that is confusingly similar to any of the GENIE BLUE Trademarks;

(b) passing off or inducing or enabling others to sell or pass off any goods or services which are not authorized by Genie as goods or services that originate from, are sponsored, endorsed or approved by, or are associated, affiliated or connected with, Terex;

(c) otherwise unfairly competing with, injuring the business or reputation of, or damaging the goodwill of Genie and its GENIE BLUE marks in any manner; and

(d) otherwise diluting or tarnishing Plaintiff's trademarks.

3. Pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, the Court direct Defendant to deliver up to Plaintiff for destruction all advertising and promotional materials, signs, business cards, apparel, and all other materials which bear the Plaintiff's Trademarks in any form, and all plates, molds, designs, matrices and other means of making or duplicating the same;

4. The Court order Defendant to destroy or repaint within ten (10) days any lift equipment in the United States that bear GENIE BLUE Trademarks;

5. Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117, the Court require Sinoboom pay Plaintiff the actual damages it has suffered as a result of its conduct, with such damages to be trebled as authorized by this Section;

6. The Court order that an accounting be had and that Sinoboom be required to disgorge to Plaintiff any profits the Defendant earned as a result of its unlawful use of Plaintiff's Trademarks;

7. In lieu of actual damages and profits on its claim under Section 32(1) of the Lanham Act, Sinoboom be ordered to pay Plaintiff statutory damages in the amount of $2 million pursuant to 15 U.S.C. § 1117(c) as a result of its knowing and willful counterfeiting of the GENIE BLUE Marks;

8. Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117, the Court require Defendant to pay Plaintiff both the costs of this action and the reasonable attorneys' fees it incurs in connection with the action;

9. The Court grant Plaintiff such other, further and additional relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 28, 2021

/s/ Clyde Siebman
Clyde M. Siebman
Texas State Bar No. 18341600
clydesiebman@siebman.com
Kirte Kinser, Of Counsel
Texas State Bar No. 11489650
kirtekinser@siebman.com
**SIEBMAN, FORREST, BURG & SMITH, LLP**
300 N. Travis Street
Sherman, Texas 75090
Tel: (903) 870-0070
Email: clydesiebman@siebman.com

Marc Lorelli (P63156MI– *Pro Hac Vice* Anticipated)
Attorney-in-charge
**BROOKS KUSHMAN P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mlorelli@brookskushman.com

*Attorneys for Plaintiffs*