## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| TEREX SOUTH DAKOTA INC. and TEREX USA, LLC, | |
|     Plaintiffs, | Case No. 4:21-cv-00287 |
|     v. | Judge David Hittner |
| SINOBOOM NORTH AMERICA LLC, | Jury Demanded |
|     Defendant. | |

## DEFENDANT'S ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant Sinoboom North America LLC, ("Sinoboom") by and through its undersigned counsel, hereby responds to the separately numbered paragraphs of the Complaint filed by Plaintiffs Terex South Dakota, Inc. and Terex USA, LLC as follows:

## NATURE AND BASIS OF ACTION

1.    Sinoboom admits that Plaintiff filed this action and that Plaintiff seeks the relief requested in Paragraph 1. Sinoboom denies all allegations of infringement, wrongdoing, and liability made or referred to in this Paragraph.

## THE PARTIES

2.    Sinoboom is without sufficient information to admit or deny the allegations in Paragraph 2 and therefore denies the same.

3.     Sinoboom is without sufficient information to admit or deny the allegations in Paragraph 3 and therefore denies the same.

4.     Admitted.

5.     Admitted.

6.     Denied.

## **JURISDICTION**

7.     Sinoboom denies that Plaintiff has stated any valid claims against it and denies it has conducted any illegal business.

8.     Sinoboom denies that Plaintiff has stated any valid claims against it and denies it has conducted any illegal business.

9.     Sinoboom admits the jurisdictional allegations of this Paragraph. Otherwise denied.

10.     Sinoboom admits the jurisdictional allegations of this Paragraph. Otherwise denied.

11.     Sinoboom admits the jurisdictional allegations of this Paragraph. Otherwise denied.

12.     Sinoboom admits the venue allegations of this Paragraph. Otherwise denied.

## FACTUAL BACKGROUND

13.   Sinoboom is without sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies the same.

14.   Sinoboom is without sufficient information to admit or deny the allegations in Paragraph 14 and therefore denies the same.

15.   Sinoboom is without sufficient information to admit or deny the allegations in Paragraph 15 and therefore denies the same.

16.   Denied.

17.   Denied.

18.   Sinoboom is without sufficient information to admit or deny the allegations in Paragraph 18 and therefore denies the same.

19.   Denied.

20.   Denied.

21.   Denied.

22.   Denied.

23.   Denied.

24.   Denied.

25.   Denied.

**The GENIE BLUE Trademark**

26.   Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Sinoboom admits that Exhibits A-D to the Complaint appear to be the purported federal trademark registrations referenced in Paragraph 30. These documents speak for themselves. Sinoboom denies all allegations that the registrations were properly granted and denies the remainder of the allegations in this Paragraph.

31.    Sinoboom admits that Exhibit A appears to be the purported federal trademark registration referenced in Paragraph 31. This document speaks for itself. Sinoboom denies all allegations that the registration was properly granted and denies the remainder of the allegations in this Paragraph.

32.    Sinoboom admits that Exhibit B appears to be the purported federal trademark registration referenced in Paragraph 32. This document speaks for itself. Sinoboom denies all allegations that the registration was properly granted and denies the remainder of the allegations in this Paragraph.

33.    Sinoboom admits that Exhibit C appears to be the purported federal trademark registration referenced in Paragraph 33. This document speaks for itself. Sinoboom denies all allegations that the registration was properly granted and denies the remainder of the allegations in this Paragraph.

34.     Sinoboom admits that Exhibit D appears to be the purported federal trademark registration referenced in Paragraph 34. This document speaks for itself. Sinoboom denies all allegations that the registration was properly granted and denies the remainder of the allegations in this Paragraph.

35.     Paragraph 35 calls for a legal conclusion and no response is required. To the extent a further response is required, Sinoboom denies all allegations that the registrations referenced in Paragraph 35 were properly granted and denies the remainder of the allegations in this Paragraph.

36.      Sinoboom is without sufficient information to admit or deny the allegations in Paragraph 36 and therefore denies the same.

**Defendants and Their Wrongful Conduct**

37.     Denied.

38.     Admitted.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Sinoboom is without sufficient information to admit or deny the allegations in Paragraph 44 and therefore denies the same.

45.    Paragraph 45 calls for a legal conclusion and no response is required. To the extent a further response is required, denied.

46.    Denied.

47.    Denied.

48.    Sinoboom admits that it received a letter from Plaintiff's counsel. Otherwise denied.

## COUNT I
## Federal Trademark Infringement and Counterfeiting
## (15 U.S.C. § 1114(1))

49.    Sinoboom incorporates by reference its responses to the Paragraphs above as if set forth fully herein.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

## COUNT II

**Federal False Designation of Origin
(15 U.S.C. § 1125(a))**

62.    Sinoboom incorporates by reference its responses to the Paragraphs above as if set forth fully herein.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

## COUNT III

**Trademark Infringement under Texas Common Law**

71.    Sinoboom incorporates by reference its responses to the Paragraphs above as if set forth fully herein.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

## COUNT IV

**Unfair Competition under Texas Common Law**

80.    Sinoboom incorporates by reference its responses to the Paragraphs above as if set forth fully herein.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

## JURY DEMAND

Sinoboom demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Sinoboom denies that Plaintiff is entitled to any relief and denies all the allegations contained in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate defenses or affirmative defenses thereto, Sinoboom alleges as follows. By stating these defenses or affirmative defenses, Sinoboom does not assume the burden of proof of any defense or affirmative defense, except as required by law:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by principles of equity, including without limitation, laches, unclean hands, estoppel, and/or acquiescence.

## THIRD AFFIRMATIVE DEFENSE

Sinoboom has not infringed any trademark right of Plaintiffs' because Sinoboom has not used Plaintiffs' trademark on their own products in the manner granted in the registration.

**FOURTH AFFIRMATIVE DEFENSE**

Sinoboom's use is not likely to cause consumer confusion with Plaintiffs' use given the differences between the marks, the sophistication of the purchasers of the parties' services, the geographic separation between the parties, and other relevant factors.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' registrations are not conclusive evidence of validity, ownership and the exclusive right to use the mark with respect to Sinoboom pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' U.S. Registration No. 3,540,392 is invalid because, for example and without limitation, it comprises matter that is functional in violation of 15 U.S.C. § 1052(e), and was subject of an improper amendment which constituted a material alteration of the character of the mark in violation 15 U.S.C. § 1057(e).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' U.S. Registration Nos. 5,965,074, 5,970,650, and 5,970,651 are invalid because, for example and without limitation, the marks claimed therein are not distinctive and Plaintiffs have not shown secondary meaning.

## EIGHTH AFFIRAMTIVE DEFENSE

Plaintiffs' Texas Common Law claims (Counts III & IV) are preempted by the Lanham Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any cognizable damages. To the extent Plaintiffs have suffered any such damages, they must be reduced because of Plaintiffs' failure to mitigate.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because, for example and without limitation, any injury to Plaintiffs are not immediate or irreparable, and Plaintiffs have adequate remedies at law including monetary compensation.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' are not entitled to damages in the amount of lost profits as Terex South Dakota, Inc., the owner of the asserted trademark, does not sell products that directly compete with Sinoboom and Terex USA, LLC does not have ownership of any of the asserted trademarks.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not damaged by the actions of the Sinoboom. No customer or potential customer of Plaintiffs has been confused, mistaken or deceived, nor would such confusion be likely.

## THIRTENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' registration is invalid due to an improper transfer of ownership of the registration without a transfer of the requisite goodwill associated therewith.

## FOURTENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

## RESERVATION OF RIGHTS

The foregoing defenses or affirmative defenses are raised by Sinoboom without waiver of any other defenses that may come to light during discovery in this case or otherwise. Sinoboom hereby reserves the right to amend or supplement its Answer to assert any other defenses or affirmative defenses as they may become available.

## COUNTERCLAIMS

1.      Sinoboom North America LLC ("Counterclaimant") states for its counterclaims against Terex South Dakota, Inc., and Terex USA, LLC ("Counterclaim-Defendants") as follows:

2.      Counterclaimant is a Texas limited liability company. Its principal place of business is located at 310 Mason Creek Dr., Suite 100, Katy, TX 77450.

3.      On information and belief, Counterclaim-Defendant, Terex South Dakota, Inc., is a corporation organized and existing under the laws of the State of

Delaware and has a place of business at 18340 N.E. 76th Street, Redmond, Washington 98052.

4.      On information and belief, Counterclaim-Defendant, Terex USA, LLC, is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 45 Glover Avenue, Norwalk, Connecticut 06850.

5.      Subject to Counterclaimant's affirmative defenses and denials, the Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1121, 1331, 1332, 1338, 1367, 2201, and 2202.

6.      The Court has personal jurisdiction over Counterclaim-Defendants as by virtue of Counterclaim-Defendants' consent to the court's personal jurisdiction by the mere action of Counterclaim-Defendants filing a lawsuit with the court.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

8.      Counterclaim-Defendants filed the applications that became U.S. Registration Nos. 5,965,074 ("the '074 registration"), 5,970,650 ("the '650 registration"), and 5,970,651 ("the '651 registration") on January 14, 2019. The registrations issued on January 21, 2020, January 28, 2020 and January 28, 2020 (respectively).

9.       These three registrations each claim "the color blue" as applied to various components of elevating work platforms. (*See* Dkt. 1-2; Dkt. 1-3; Dkt. 1-4.)

10.    "The color blue" is not inherently distinctive. Counterclaim-Defendants have not shown secondary meaning in "the color blue" without limitation.

11.    Any showing of secondary meaning is strictly limited to the specific shade GENIE blue and only when used in conjunction with the GENIE word mark.

12.    As the Supreme Court recognizes, color trademarks are never inherently distinctive. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 211-12 (2000) ("Indeed, with respect to at least one category of mark—colors—we have held that no mark can ever be inherently distinctive. . . . We held that a color could be protected as a trademark, but only upon a showing of secondary meaning.") (citing *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 162-63 (1995)); *see also Christian Louboutin S.A. v. Yves Saint Laurent Amer. Holdings, Inc.*, 696 F.3d 206, 225 (2d Cir. 2012); *Bd. of Supervisors for La State Univ. Agric. and Mech. College v. Smack Apparel Co.*, 550 F.3d 465, 475 (5th Cir. 2008).

13.    In the Fifth Circuit, a color mark is distinctive and protectable ***only*** if secondary meaning is shown. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 240 (5th Cir. 2010); *accord Christian Louboutin S.A.*, 696 F.3d at 225-26. "Secondary meaning occurs when, in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself." *Amazing Spaces*, 608 F.3d at 247 (quoting *Smack Apparel*, 550 F.3d at 476)); *see also Wal-Mart Stores*, 529 U.S. at 211.

14.    Counterclaim-Defendants have not shown that the primary significance of "the color blue" without limitation, as claimed in the '074, '650 and '651 registrations, is to identify the source of Counterclaim-Defendants products.

15.    Over a dozen companies have manufactured and sold blue-colored MEWPs and related products, which eliminates any exclusivity or secondary meaning claimed by Plaintiffs. These third-party uses are seen for example in the attached webpages. (*See* **Exhibits 1-17**.) Plaintiffs have also failed to show secondary meaning through advertising and sales or any other means.

16.    Counterclaim-Defendants have not shown secondary meaning in "the color blue" without limitation as is claimed in the '074, '650 and '651 registrations.

17.    Counterclaim-Defendants also cannot show secondary meaning in the blue color alone because Counterclaim-Defendants have used this color only in combination with the GENIE word mark such that it is known as "GENIE blue" and not just "blue."

18.    Representative of Counterclaim-Defendants products bearing an allegedly distinctive shade of blue—GENIE BLUE in combination with the GENIE word mark are represented by images set forth below:



(*See* Dkt. 1, ¶16.)

19.     Upon information and belief, a Section 2(F) application for registration of the color mark BLUE claimed for Mobile Elevating Work Platform was filed on June 29, 2006. The application limited the requested registration to:

> THE MARK CONSISTS OF A DESIGN FEATURE OF THE GOODS, NAMELY, THE COLOR BLUE AS APPLIED TO THE BASE, ARM AND PLATFORM BASKET OF A MOBILE ELEVATING WORK PLATFORM. THE DOTTED OUTLINE OF THE GOODS IS INTENDED TO SHOW THE POSITION OF THE MARK ON THE GOODS AND IS NOT PART OF THE MARK. THE LOCATION OF THE COLOR BLUE IS LIMITED TO THE LOCATIONS INDICATED IN THE DRAWING BLUE.



20.    U.S. Registration No. 3,540,392 ("the '392 registration") for "the color blue as applied to the base, arm and platform basket of a mobile elevating work platform" issued on December 2, 2008. (*See* Dkt. 1-1.)

21.    The '392 registration is invalid as a consequence of an improper amendment during prosecution. The '392 trademark application contains a conflict between the originally submitted drawing and the written description of the mark. Genie Industries, Inc. ("Genie"), Terex South Dakota, Inc.'s ostensible predecessor in interest to the '392 registration, submitted a drawing page in the paper application filed with the USPTO that included the word mark "GENIE" prominently displayed. Genie subsequently and improperly substituted the original drawing page with a different drawing page that removed the word mark GENIE. (*See* **Exhibit 18**.)

22.    The original drawing submitted by Genie with its trademark application that led to the '392 registration prominently displays the GENIE word mark:



(*See* **Exhibit 18** (emphasis added).)

23.    Under the Trademark Office's governing procedures, "the drawing page will control for purposes of determining what the mark is." TMEP Sec. § 807.01; *see also* 37 C.F.R. § 2.52 ("A drawing depicts the mark sought to be registered."). Consequently, the '392 registration for the color mark "blue" also necessarily includes the GENIE word mark.

24.    After commencing their application for "blue" with a drawing containing the GENIE word mark, Plaintiffs substituted a drawing that did not

include the GENIE word mark. (*See* **Exhibit 18**.) That drawing now appears in the final registration. (*See* Dkt. 1-1.)

25.    This amendment, which removed the inherently distinctive GENIE word mark from the mark drawing, materially altered the applied-for mark. This improper amendment renders the '392 registration invalid or limited to the original drawing, which includes the GENIE word mark. *See* 15 U.S.C. § 1119.

## COUNT I

*Cancellation of Reg. No. 3,540,392*

26.    Counterclaimant restates and incorporates by reference each of the averments and denials of their Answer and each of the averments of Paragraphs 1-25 of the Counterclaims, above, as if fully set forth herein.

27.    This Court has the authority to determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify registrations of any party to this action pursuant to Sections 18 and 37 of the Lanham Act, 15 U.S.C. §§ 1068, 1119 *et seq*.

28.    Counterclaim-Defendants ostensibly own the '392 registration which issued on December 2, 2008.

29.    Counterclaim-Defendants' removal of the inherently distinctive GENIE word mark from the '392 registration during prosecution was a material alteration of the applied-for mark.

30.    Pursuant to 15 U.S.C. § 1119, Counterclaimant seeks an order from this Court instructing the United States Patent and Trademark Office to cancel Counterclaim-Defendant's Reg. No. 3,540,392 due to its improper amendment during prosecution.

## COUNT II

*Rectification of Reg. No. 3,540,392*

31.    Counterclaimant restates and incorporates by reference each of the averments and denials of their Answer and each of the averments of Paragraphs 1-30 of the Counterclaims, above, as if fully set forth herein.

32.    This Court has the authority to determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify registrations of any party to this action pursuant to Sections 18 and 37 of the Lanham Act, 15 U.S.C. §§ 1068, 1119 *et seq*.

33.    Counterclaim-Defendants ostensibly own the '392 registration which issued on December 2, 2008.

34.    Counterclaim-Defendants' marks are limited to a very specific shade of blue when used in conjunction with the word mark GENIE, as it petitioned for during prosecution to secure allowance of its registrations.

35.    Pursuant to 15 U.S.C. § 1119, Counterclaimant seeks an order from this Court instructing the United States Patent and Trademark Office to rectify and

correct Counterclaim-Defendant's Reg. No. 3,540,392 to cover only the color GENIE BLUE used in conjunction with the word mark GENIE.

## COUNT III

*Cancellation of Reg. Nos. 5,965,074, 5,970,650, and 5,970,651*

36.    Counterclaimant restates and incorporates by reference each of the averments and denials of their Answer and each of the averments of Paragraphs 1-35 of the Counterclaims, above, as if fully set forth herein.

37.    This Court has the authority to determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify registrations of any party to this action pursuant to Sections 18 and 37 of the Lanham Act, 15 U.S.C. §§ 1068, 1119 *et seq*.

38.    Counter-Defendants own existing U.S. Trademark Registration Registration Nos. 5,965,074, 5,970,650, and 5,970,651. These registrations issued on January 21, 2020, January 28, 2020 and January 28, 2020 (respectively).

39.    Many other competitors use different shades of the color blue for MEWPs and related products. Over a dozen other companies have manufactured and sold blue-colored MEWPs and related products. (*See* **Exhibits 1-17**.)

40.    Color marks are never inherently distinctive. Counterclaim-Defendants have not shown secondary meaning for "the color blue" in general due to at least the extensive and pervasive third party use of blue for MEWPs and related products.

Even if Counterclaim-Defendants can show secondary meaning for GENIE BLUE, that is a very specific shade of blue used in conjunction with the GENIE word mark and does not extend to "the color blue" as claimed in the '074, '650, and '651 registrations.

41.    Pursuant to 15 U.S.C. § 1119, Counterclaimant seeks an order from this Court instructing the United States Patent and Trademark Office to cancel Counter-Defendants' Reg. Nos. 5,965,074, 5,970,650, and 5,970,651 for lack of distinctiveness and/or failure to show secondary meaning.

## COUNT IV

*Rectification of Reg. Nos. 5,965,074, 5,970,650, and 5,970,651*

42.    Counterclaimant restates and incorporates by reference each of the averments and denials of their Answer and each of the averments of Paragraphs 1-41 of the Counterclaims, above, as if fully set forth herein.

43.    This Court has the authority to determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify registrations of any party to this action pursuant to Sections 18 and 37 of the Lanham Act, 15 U.S.C. §§ 1068, 1119 *et seq.*

44.    Counter-Defendants own existing U.S. Trademark Registration Registration Nos. 5,965,074, 5,970,650, and 5,970,651. These registrations issued on January 21, 2020, January 28, 2020 and January 28, 2020 (respectively).

45.     Terex's marks are limited to a very specific shade of blue—GENIE blue—as it stated during prosecution to secure allowance of its registrations.

46.     Counterclaim-Defendants have not shown secondary meaning for blue in general. Even if it can show secondary meaning for GENIE BLUE used in conjunction with the GENIE word mark and does not extend to "the color blue" as claimed in the '074, '650, and '651 registrations.

47.     Pursuant to 15 U.S.C. § 1119, Counterclaimant seeks an order from this Court instructing the United States Patent and Trademark Office to limit Counter-Defendants' Reg. Nos. 5,965,074, 5,970,650, and 5,970,651 to cover only GENIE BLUE used in connection with the GENIE word mark, rather than "the color blue" as claimed.

## COUNT V

*Rectification of Reg. Nos. 5,965,074, 5,970,650, and 5,970,651*

48.     Counterclaimant restates and incorporates by reference each of the averments and denials of their Answer and each of the averments of Paragraphs 1-47 of the Counterclaims, above, as if fully set forth herein.

49.     This Court has the authority to determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify registrations of any party to this action pursuant to Sections 18 and 37 of the Lanham Act, 15 U.S.C. §§ 1068, 1119 *et seq*.

50.     Counter-Defendants own existing U.S. Trademark Registration Registration Nos. 5,965,074, 5,970,650, and 5,970,651. These registrations issued on January 21, 2020, January 28, 2020 and January 28, 2020 (respectively).

51.     Terex's marks are limited to a very specific shade of blue—GENIE blue—as it stated during prosecution to secure allowance of its registrations.

52.     Counterclaim-Defendants have not shown secondary meaning for blue in general. Even if it can show secondary meaning for GENIE BLUE and does not extend to "the color blue" as claimed in the '074, '650, and '651 registrations.

53.     Pursuant to 15 U.S.C. § 1119, Counterclaimant seeks an order from this Court instructing the United States Patent and Trademark Office to limit Counterclaim-Defendants' Reg. Nos. 5,965,074, 5,970,650, and 5,970,651 to cover only GENIE BLUE rather than "the color blue" as claimed.

## COUNT VI

*Declaratory Judgment*

54.     Counterclaimant hereby incorporates the foregoing paragraphs 1-53 by reference as if fully set forth herein.

55.     This cause of action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02.

56.     The Court has jurisdiction to hear this counterclaim under Fed. R. Civ. P. 13(a) and (b), 15 U.S.C. §§ 1119 and 1121, and 28 U.S.C. §§1331 and 1338.

57.     Counterclaim-Defendants' complaint seeks an array of coercive remedies against Counterclaimant, including permanent injunctive relief, destruction of property, damages and attorneys' fees.

58.     Counterclaimant's use of a color of blue is a materially different usage from Counterclaim-Defendants' use of the GENIE BLUE mark in conjunction of the GENIE word mark.

59.     Counterclaimant has denied that its use of a color of blue infringes any trademark or other rights held by Counterclaim-Defendants; however, Counterclaim-Defendants have persisted in asserting that it has a legal right to enjoin Counterclaimant from using the color blue anywhere in the country.

60.     Counterclaimant has not infringed any rights held by Counterclaim-Defendants in the color mark BLUE, and is not liable to Counterclaim-Defendants for any injunctive, monetary, or other relief as a consequence of its use of a color of blue.

61.     Counterclaimant is entitled to a judgment, pursuant to 28 U.S.C. § 2201(a), declaring that Counterclaimant are not liable to Counterclaim-Defendants for any federal trademark infringement, counterfeiting, federal false designation of origin, Texas common law unfair competition, Texas common law trademark, as alleged in Counts I-IV of the Complaint.

62.    Counterclaimant is entitled to a judgment that any rights held by Counterclaim-Defendants in "the color blue," including Registration Nos. 3,540,392, 5,965,074, 5,970,650, and 5,970,651 are limited to the specific shade of GENIE BLUE and/or only when used in conjunction with the word mark GENIE.

63.    Counterclaimant is entitled to a judgment cancelling Registration Nos. 3,540,392, 5,965,074, 5,970,650, and 5,970,651.

**WHEREFORE**, Counterclaimant prays that the Court:

a)    dismiss Plaintiffs' Complaint with prejudice;

b)    declare, adjudge and decree that Counter-Defendants' Registration Nos 3,540,392, 5,965,074, 5,970,650, and 5,970,651 are invalid and therefore cancelled;

c)    in the alternative, declare, adjudge and decree that Counter-Defendants' Registration Nos 3,540,392, 5,965,074, 5,970,650, and 5,970,651 are strictly limited to the specific shade of GENIE BLUE and/or only when used in conjunction with the word mark GENIE;

d)    declare, adjudge and decree that Counterclaimant's use of the color blue was adopted in good faith;

e)    declare, adjudge and decree that Counterclaimant's use of a color of blue is not likely to cause confusion with any rights owned by Counterclaim-Defendants in the alleged GENIE BLUE color marks;

f)     declare, adjudge and decree that Counterclaimant's use of a color of blue does not constitute federal mark infringement or counterfeiting, as alleged in Count I of the complaint or otherwise;

g)     declare, adjudge and decree that Counterclaimant's use of a color of blue does not constitute federal false designation of origin, as alleged in Count II of the complaint or otherwise;

h)     declare, adjudge and decree that Counterclaimant's use of a color of blue does not constitute Trademark Infringement under Texas Common Law, as alleged in Count III of the complaint or otherwise;

i)     declare, adjudge and decree that Counterclaimant's use of a color of blue does not constitute a violation of Unfair Competition under Texas Common Law, as alleged in Count IV of the complaint or otherwise;

j)     award Counterclaimant attorneys' fees and costs and such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Counterclaimant demands trial by jury of all issues raised herein that are properly tried to a jury.

Dated: March 12, 2021

Respectfully submitted,

**BURDINE WYNNE LLP**

 */s/ David E. Wynne*

David E. Wynne
Texas State Bar No. 24047150
Federal Bar No. 566468
Shana L. Merman
Texas State Bar No. 24045586
Federal Bar No. 980839
1415 Louisiana St., Suite 3900
Wedge International Tower
Houston, TX 77002
Phone: 713-227-8835
Fax: 713-227-6205
Email: dwynne@burdinewynne.com
Email: smerman@burdinewynne.com

Thomas R. Johnson
Attorney-In-Charge (Admitted Pro Hac Vice)
Minnesota State Bar No. 242032
Michael A. Erbele (Admitted Pro Hac Vice)
Minnesota State Bar No. 0393635
MERCHANT & GOULD P.C.
150 South Fifth St., Suite 2200
Minneapolis, MN 55402
Phone: 612-332-5300
Fax: 612-332-9081
Email: tjohnson@merchantgould.com
Email: merbele@merchantgould.com

***Attorneys for Defendant***
***Sinoboom North America LLC***

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of *Defendant's Answer, Defenses, and Counterclaims* has been served on all counsel listed below either electronically pursuant to the court's ECF noticing system, direct e-mail or facsimile on this the 12th day of March, 2021.

Clyde M. Siebman
Kirte Kinser
SIEBMAN, FORREST, BURG & SMITH, LLP
300 N. Travis Street
Sherman, TX 75090

Marc Lorelli *(Pro Hac Vice Pending)*
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075

Michael Erbele
Thomas Johnson
MERCHANT & GOULD, P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402-4247

  /s/ David E. Wynne
David E. Wynne